IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK J. ELLERBE,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 23-CV-4134** |
| | : | |
| **SEPTA** | : | |
|     Defendant. | : | |

**MEMORANDUM**

**BAYLSON, J.**                                                                                                                **NOVEMBER 9, 2023**

      Derrick J. Ellerbe, a frequent litigator in this Court,[1] has filed a civil rights Complaint naming SEPTA as the Defendant.[2] He also seeks leave to proceed *in forma pauperis*. For the

---

[1] To date, Ellerbe has filed at least 32 civil rights actions, two habeas corpus petitions, and seven other cases in this Court, none of which have been deemed to have merit. He is also subject to a prefiling injunction imposed in *Ellerbe v. United States Department of Justice*, No. 22-4514 (E.D. Pa.) due to his malicious litigation activity of repeatedly reasserting nearly identical non-meritorious claims alleging that he had been harassed, kidnapped, and held captive by governmental officials. (*See id.*, ECF No. 7.) Numerous other materials Ellerbe submitted to the Court have been returned to him unfiled by the Clerk of Court because they involved allegations within the scope of the injunction.

[2] In his Complaint, in addition to citing 42 U.S.C. § 1983, the vehicle by which constitutional claims may be brought in federal court against state actors, and 28 U.S.C. § 1343, the statute granting federal district courts subject matter jurisdiction over civil rights claims, Ellerbe also cites several federal criminal statutes, namely 18 U.S.C. §§ 241, 242, and 245. (Compl. at 3.) These sections establish criminal liability for certain deprivations of civil rights and conspiracy to deprive civil rights. However, a plaintiff cannot bring criminal charges against a defendant through a private lawsuit, and these sections do not give rise to a civil cause of action. *See Molina v. City of Lancaster*, 159 F. Supp. 2d 813, 818 (E.D. Pa. 2001) (stating that civil claims brought under §§ 241 and 242 are "unmeritorious because those statutes do not create a civil cause of action enforceable by the Plaintiff"); *Figueroa v. Clark*, 810 F. Supp. 613, 615 (E.D. Pa. 1992) (same, citing *U.S. ex rel. Savage v. Arnold*, 403 F. Supp. 172 (E.D. Pa. 1975)); *see also United States v. Philadelphia*, 644 F.2d 187, 201 (3d Cir. 1980) (holding that neither these sections, nor the Fourteenth Amendment itself "create in the government a right to maintain this action" for a civil injunction remedy) (overruled on other grounds as recognized in *Jones v. Sussex Corr. Inst.*, 725 F. App'x 157, 160 (3d Cir. 2017)). Accordingly, to the extent Ellerbe seeks to assert claims pursuant to these statutes the claims are dismissed.

following reasons, the Court will grant Ellerbe *in forma pauperis* status, and dismiss the Complaint.

I.     **FACTUAL ALLEGATIONS**[3]

Ellerbe alleges that on October 22, 23, and 24, 2023, and on other dates, he was "denied his constitutional right not to abuse drugs on public vehicles or anywhere else." (Compl. at 4.) He also claims he is being denied "the right to dress in his own clothing and to stay dressed until he decides to undress all by himself in privacy without the perpetrators and the general public watching and commenting after consciousness has been regained or [he] has awakened from this humiliating nightmare." (*Id*.) He claims that SEPTA has "chemicals that can remove the smell of any deodorant, foot powder, bath soap, body wash or anything that normally smells good and make it smell like vomit, foot odor, underarm odor, and body waste." (*Id*.) Ellerbe believes that "they also use some kind of machine or mechanism for the skin" that has injured his neck, back, stomach, shoulders and other body parts, and that the chemicals render him unconscious and harm his nasal passages. (*Id*. at 5.) He asserts he has been denied his rights to due process and equal protection of the laws by, among others, SEPTA police officers, train operators, and bus drivers. (*Id*. at 4.) He seeks an order that the Defendant cease and desist from this activity and that prosecutors be alerted. (*Id*.) He also seeks money damages. (*Id*. at 5.)

II.     **STANDARD OF REVIEW**

The Court grants Ellerbe leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is

---

[3] The factual allegations set forth in this Memorandum are taken from Ellerbe's Complaint (ECF No. 2). The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]" *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Ellerbe is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.  DISCUSSION

Ellerbe's allegations about being forced to abuse drugs on SEPTA vehicles, being denied the right to stay dressed in his own clothing (i.e., having his clothing involuntarily removed while on SEPTA vehicles), and SEPTA's use of chemicals or machines to make him smell bad lack an arguable basis in fact, are fanciful, and must be deemed to be factually frivolous. *Accord, e.g., Price v. Fed. Bureau of Investigation*, No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020), *aff'd*, 845 F. App'x 106 (3d Cir. 2021) (finding plaintiff's allegations to be factually frivolous where plaintiff asserted that law enforcement agencies used neurological and psychological technology to control his brain and "that the use of this 'technology' and 'mind control' has caused him numerous impairments and drove him to criminal and erratic behavior"). Accordingly, the Complaint will be dismissed with prejudice. An appropriate Order will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

3

**BY THE COURT:**

**/s/ Michael M. Baylson**

**MICHAEL M. BAYLSON, J.**

O:\CIVIL 23\23-4134 ELLERBE V SEPTA\23-CV-4134 ELLERBE SCREENING MEMORANDUM.DOCX